NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4715
_____

UNITED STATES OF AMERICA

v.

ARTHUR LEE DAVIS,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Criminal No. 07-CR-77)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 18, 2010

Before: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

(Opinion Filed: July 8, 2010)

OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant, Arthur Lee Davis, was indicted on a single count of possession with

intent to distribute more than 50 grams of cocaine base ("crack").  Davis pled guilty.  No

-1-

formal plea agreement was entered. Davis's Presentence Report ("PSR") calculated his

sentence based on a quantity of 80.3 grams of crack cocaine, which subjected him to a

mandatory minimum sentence of 10 years. Based on the same quantity, the advisory

Guidelines range was 121 to 151 months' imprisonment. The District Court, adopting the

calculations in the PSR, sentenced Davis to 121 months' imprisonment, to be followed by

five years of supervised release. Davis appeals the sentence, challenging the District

Court's attribution of the entire 80.3 grams of crack cocaine to him, instead of

apportioning it between him and his co-defendant. We will affirm.[1]

**I.**

The drug quantity attributed to a defendant at sentencing is a finding of fact subject

to review for clear error if objected to at sentencing. United States v. Sau Hung Yeung,

241 F.3d 321, 323 (3d Cir. 2001). Davis, however, failed to object at his sentencing

hearing. Rather, he expressly pled guilty to possessing more than 50 grams of crack

cocaine with intent to distribute. Therefore, the issue was not preserved, and we review

for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v.

Vazquez, 271 F.3d 93, 99 (3d Cir. 2001).

Plain error review imposes rigorous requirements. Under plain error review, we

must find that (1) an error was committed, (2) the error was plain, i.e., clear or obvious,

and (3) the error affected the defendant's substantial rights. In addition, even where plain

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction
pursuant to 28 U.S.C. § 1291.

error exists, our discretionary authority to order correction must be guided by whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Vazquez, 271 F.3d at 99.

## II.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of the case.

On September 7, 2006, Davis and a friend, Omprah Lane, were involved in an altercation outside a cell phone store in Pittsburgh. Gun shots were fired. When the police responded, witnesses told the officers that Davis and Lane had fled to a residence at 1610 Davis Avenue. Officers arrested Davis and Lane at the apartment. The lessee of the apartment, Davis's girlfriend, consented to a search of the home. Officers discovered 80.3 grams of crack cocaine and two guns hidden inside a vacuum cleaner bag. During questioning, Davis conceded that one of the guns was his, and the other belonged to Lane. He admitted that both jointly owned the crack cocaine.

Davis was indicted and charged with possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Davis pled guilty. During the guilty plea colloquy, Davis confirmed that he understood the charges against him. He acknowledged that he understood that the minimum penalty he would receive was 10 years, to be followed by a supervised release of at least five years. He acknowledged that he committed possession with the intent to distribute 50 grams or more of crack cocaine.

The PSR calculated Davis's sentence based on a quantity of 80.3 grams of crack cocaine, which subjected Davis to a mandatory minimum sentence of 120 months, or 10 years. 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). Pursuant to the 2007 United States Sentencing Guidelines ("U.S.S.G.") §1B1.3, Davis's total offense level of 29 and criminal history category of IV led to an advisory guideline range of 121 to 151 months' imprisonment.

At sentencing, Davis's counsel did not object to either the PSR or the District Court's Memorandum of Tentative Findings and Rulings. Counsel did say:

> With respect to the 80 grams and two guns, as the Court will recall, it is not all attributed to this Defendant. There is a co-Defendant in this case and both Defendants indicated – and I am not suggesting there is anything less than 80 grams – that they possessed the drugs jointly, they each possessed a gun.

(App. at 62.) However, counsel also argued that the mandatory minimum of 120 months was "not manifestly unreasonable in light of all the requirements of [18 U.S.C. § 3553(a)]" and asked that the Court impose the mandatory minimum sentence (Id. at 62.) Adopting the calculations in the PSR, the District Court imposed a sentence of 121 months' imprisonment followed by five years of supervised release. The District Court sentenced Davis "in accordance with all of the factors set forth in Section 3553(a) that are appropriate and relevant to the case." (Id. at 56.)

Davis filed a timely Notice of Appeal. On appeal, Davis argues that the District Court committed plain error by attributing the entire quantity of crack cocaine solely to him, rather than apportioning it between him and Lane, resulting in an excessive sentence.

**III.**

The base offense level for a drug offense is determined by the weight of the controlled substance for which the defendant is held accountable. U.S.S.G. §2D1.1(c). Section 1B1.3(a)(1)(B) of the Sentencing Guidelines directs a sentencing court to consider "relevant conduct" in determining the base offense level. Relevant conduct includes:

> in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), *all reasonably foreseeable acts and omissions of others* in furtherance of the jointly undertaken criminal activity.

U.S.S.G. §1B1.3(a)(1)(B) (emphasis added). As a result, a court may lawfully attribute controlled substances to a defendant even if others controlled or distributed them. United States v. Collado, 975 F.2d 985, 990-91 (3d Cir. 1992); *accord* United States v. Lezine, 166 F.3d 895, 905 (7th Cir. 1999). As Application Note 2 further explains:

> with respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, *all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.*

U.S.S.G. §1B1.3(a)(1)(B) n.2 (emphasis added).

We have interpreted §1B1.3 as directing "the inclusion of amounts of drugs possessed, distributed, manufactured, sold, or otherwise 'handled' by persons other than the defendant in the calculation of the defendant's base offense level." Collado, 975 F.2d at 990-91. Similarly, a defendant who, along with others, distributes controlled

substances "'*is accountable for all quantities of contraband* with which he was directly involved and . . . all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.'" United States v. Iglesias, 535 F.3d 150, 160 (3d Cir. 2008) (quoting U.S.S.G. §1B1.3(a)(1)(B) n.2).

Davis admitted to sharing ownership of the 80.3 grams of crack cocaine with Lane. "The crack is both of ours," he wrote in a signed confession shortly after his arrest. (App. at 32.) Lane, under questioning in an adjacent room, confirmed that the drugs belonged to both him and Davis. (Id. at 33.) Further, Davis expressly pled guilty to possessing more than 50 grams of crack cocaine with intent to distribute. The District Court could plausibly have concluded that the 80.3 grams of drugs were a part of a jointly undertaken criminal activity, and that the entire amount was a "reasonably foreseeable quantity" to Davis. U.S.S.G. §1B1.3(a)(1)(B) n.2. Thus, the District Court did not commit plain error in attributing the entire weight of crack cocaine to Davis for sentencing purposes.

## IV.

For the foregoing reasons, we conclude that the record contains sufficient evidence to support the attribution of 80.3 grams of crack cocaine to Davis. Accordingly, we will affirm Davis's sentence.